**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4815**

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

   v.

EDWARD C. CROW,

       Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:13-cr-00038-IMK-JSK-1)

Submitted: April 30, 2015         Decided: May 13, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Tara Tighe, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Crow was convicted of assaulting a federal correctional officer, in violation of 18 U.S.C. § 111(a)(1), (b) (2012); assaulting with a dangerous weapon with intent to do bodily harm, 18 U.S.C. §§ 7(3), 113(a)(3) (2012); and possessing a prohibited weapon, in violation of 18 U.S.C. § 1791(a)(2), (b)(3) (2012).  The district court sentenced Crow to 240 months of imprisonment.  On appeal, Crow argues that the district court (1) admitted improper evidence of prior bad acts pursuant to Fed. R. Evid. 404(b), (2) should have granted a mistrial due to inadmissible expert testimony on the ultimate issue, and (3) imposed an unreasonable sentence.  We affirm.

We review the admission of evidence of prior bad acts for an abuse of discretion.  United States v. Williams, 740 F.3d 308, 314 (4th Cir. 2014).  "We will not find a district court to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary and irrational."  Id. (internal quotation marks omitted).

Rule 404(b) prohibits introducing "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  But the Government may offer otherwise inadmissible evidence to "explain, repel, counteract, or disprove facts given in evidence

2

by the opposing party." United States v. Higgs, 353 F.3d 281, 329 (4th Cir. 2003) (internal quotation marks omitted).

Here, the district court appropriately permitted the Government to introduce the challenged evidence because Crow opened the door to such evidence. Crow's contention that he opened the door as to testimony from one witness, but not another, is at odds with this Court's precedent. See Higgs, 353 F.3d at 329-30 (holding that Government was entitled to present rebuttal evidence of accused's disciplinary infractions where accused presented testimony that he was avoiding trouble in prison). Therefore, this claim lacks merit.

We next review Crow's contention that the district court ought, sua sponte, to have declared a mistrial. Our review is for plain error. See United States v. Cabrera-Beltran, 660 F.3d 742, 754 (4th Cir. 2011). To show plain error, Crow must demonstrate that an error (1) occurred, (2) was plain, and (3) affected his "substantial rights." See United States v. Olano, 507 U.S. 725, 732 (1993). Even then, "correction of the error" is within our discretion, to be exercised only when "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Muhammed, 478 F.3d 247, 249 (4th Cir. 2007) (internal alteration and quotation marks omitted).

3

"In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state that constitutes an element of . . . a defense." Fed. R. Evid. 704(b). This rule is "aimed at ameliorating the danger associated with mental health testimony that the expert, who is qualified only to explain medical concepts, will be called upon to interpret legal ones." United States v. Smart, 98 F.3d 1379, 1388 (D.C. Cir. 1996) (internal alteration and quotation marks omitted). Consequently, an expert may "set out her medical and psychological knowledge" regarding the defendant's mental disease or defect; however, she cannot conclude "that the mental illness clouded the defendant's ability to distinguish right from wrong." United States v. Diekhoff, 535 F.3d 611, 619 (7th Cir. 2008).

In this case, while we agree that the expert's opinion ran afoul of Rule 704(b), we find no evidence that the district court erred, plainly or otherwise, by failing to order a mistrial. The district court immediately sustained Crow's objection, struck the testimony from the record, and issued a proper limiting instruction.

In closing, we review for abuse of discretion Crow's claim that the district court imposed an unreasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007). In reviewing a sentence for reasonableness, we first ensure that the district

court committed no "significant procedural error," including insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors or inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (internal quotation marks omitted).

In its explanation, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. "This individualized assessment need not be elaborate or lengthy, but it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). Upon review, we conclude that the district court committed no procedural error.

We must also examine the substantive reasonableness of the sentences, considering the "totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). A properly calculated, within-Guidelines sentence is presumed reasonable on appeal, and an appellant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda,

445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Crow's sentences fell within their respective Guidelines ranges. The court balanced the seriousness of the offense and the need to ensure order in correctional facilities against Crow's personal history of isolation, mental illness, and institutionalization.

That the district court later sentenced Crow in a different case, stemming from a wholly unrelated crime, to a sentence to run consecutive to this sentence, does not make this sentence substantively unreasonable. "Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings." Setser v. United States, 132 S. Ct. 1463, 1468 (2012). In any event, this assertion belongs in Crow's appeal from the latter case. We thus conclude that the district court's sentence was reasonable.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED